## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

FEDERAL TRADE COMMISSION,

      Plaintiff,

    v.

GLOBAL ACCESS TECHNICAL SUPPORT LLC, also d/b/a Global S Connect, Yubdata Tech, and Technolive, a Missouri limited liability company, *et al.*,

      Defendants.

Case No. 4:16-cv-01556-HEA

Judge Henry E. Autrey

## STIPULATED ORDER FOR PERMANENT INJUNCTION AND FINAL JUDGMENT AS TO DEFENDANTS RUPINDER KAUR AND HARINDER SINGH

Plaintiff Federal Trade Commission ("Commission" or "FTC"), filed its Amended

Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to

Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The

Commission and Defendants Rupinder Kaur and Harinder Singh ("Stipulating Defendants")

stipulate to entry of this Stipulated Order for Permanent Injunction and Final Judgment ("Order")

to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** and **ADJUDGED** as follows:

### FINDINGS

1.    This Court has jurisdiction over this matter.

2.    The Complaint charges that Stipulating Defendants participated in deceptive acts

or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in the advertising,

marketing, promotion, offering for sale, or sale of Tech Support Products or Services, as that term is defined herein.

3.    Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

4.    Stipulating Defendants waive any claim that they may have against the Commission and the Receiver and their employees, representatives, and agents and any claim that Stipulating Defendants may have under the Equal Access to Justice Act, , 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order. Stipulating Defendants agree to bear their own costs and attorneys' fees.

5.    Stipulating Defendants waive all rights to appeal or otherwise to challenge or to contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.    **"Defendant(s)"** means Global Access Technical Support LLC, a Missouri limited liability company, Global sMind LLC, a Missouri limited liability company, Source Pundit LLC, a Missouri limited liability company, Helios Digital Media LLC, a Missouri limited liability company, DigiCare Desk LLC, a Missouri limited liability company, VGlobal ITES Private Limited, an Indian company, Rajiv Chhatwal, Rupinder Kaur, Harinder Singh, and Neeraj Dubey, individually, collectively, or in any combination.

2.    **"Stipulating Defendants"** means Rupinder Kaur and Harinder Singh, by whatever names they may be known.

3.     "**Tech Support Product or Service**" includes any plan, program or software, marketed to repair, maintain or improve a computer's performance or security, including registry cleaners, anti-virus programs, anti-malware programs, fire wall programs, and computer or software diagnostic services.

## SECTION I: BAN ON TECH SUPPORT PRODUCTS AND SERVICES

**IT IS ORDERED** that Stipulating Defendants are permanently restrained and enjoined from:

A.     Advertising, marketing, promoting, offering for sale, selling, or providing any Tech Support Product or Service;

B.     Assisting or providing consulting services for others engaged in, or receiving any proceeds from, advertising, marketing, promoting, offering for sale, selling or providing any Tech Support Product or Service; and

C.     Owning, controlling, or serving as an officer, director, or manager of any business entity advertising, marketing, promoting, offering for sale, selling, providing, or assisting or providing consulting services for others engaged in, advertising, marketing, promoting, offering for sale, selling or providing, any Tech Support Product or Service.

## SECTION II:  PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, sale, or selling of any good or

service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

    A.    That Stipulating Defendants are part of, certified or authorized by, affiliated with, or acting on behalf of any entity; and

    B.    Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## SECTION III:  MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

    A.    Judgment in the amount of **Eight Hundred, Three Hundred Seventy Five dollars ($800,375)** is entered in favor of the Commission and against Stipulating Defendants as equitable monetary relief.

    B.    Stipulating Defendant Kaur is ordered to pay to the Commission eleven thousand one hundred thirty-one Dollars ($11,131), which, as Stipulating Defendant Kaur stipulates, her undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

    C.    Stipulating Defendant Singh is ordered to pay to the Commission twenty-two thousand three hundred sixty-six Dollars ($22,366), which, as Stipulating Defendant Singh stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the

Commission.

D.     Upon the asset transfer specified in Subsection III.B, the remainder of the judgment is suspended as to Stipulating Defendant Kaur, subject to the Subsections below. Upon the asset transfer specified in Subsection III.C, the remainder of the judgment is suspended as to Stipulating Defendant Singh, subject to the Subsections below.

E.     The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.     the Financial Statement of Individual Defendant Rupinder Kaur signed on October 10, 2016, including the attachments and

2.     the Financial Statement of Individual Defendant Harinder Singh signed on January 12, 2017, including the attachments.

F.     The suspension of the judgment will be lifted as to any Stipulating Defendant if, upon motion by the Commission, the Court finds that Stipulating Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Stipulating Defendant in the amount specified in Subsection III.A above (which the parties stipulate only for purposes of this Section represents the consumer injury caused by Defendant Global SMind LLC, alleged in the Amended Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## SECTION IV:  ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.      Stipulating Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers), which Stipulating Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee on behalf of the Commission.  This fund shall be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is

completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Stipulating Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## SECTION V: DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the Stipulating Defendant Kaur's assets pursuant to the Stipulated Preliminary Injunction as to Defendant Rupinder Kaur (the "Kaur Preliminary Injunction") entered on November 15, 2016 (Dkt. No. 49) is modified to permit the payments and other transfers identified in Section III above. Upon completion of all payments and other obligations identified in Section III, the asset freeze is dissolved as to Stipulating Defendant Kaur. A financial institution shall be entitled to rely upon a letter from the Commission stating that the freeze on Stipulating Defendant Kaur's assets has been lifted.

## SECTION VI: CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

    A.    Failing to provide sufficient customer information to enable the Commission to administer efficiently consumer redress. If a representative of the Commission requests in

writing any information related to redress, Stipulating Defendant must provide it, in the form prescribed by the Commission, within fourteen (14) days.

        B.      Disclosing, using, or benefiting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Stipulating Defendants obtained prior to entry of this Order, in connection with activities alleged in the Commission's Complaint.

        C.      Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be destroyed, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## SECTION VII:  COOPERATION

**IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Stipulating Defendants must provide truthful and complete information, evidence, and testimony. Stipulating Defendants must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## SECTION VIII:  ORDER ACKNOWLEDGEMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

A.      Stipulating Defendants, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For five (5) years after entry of this Order, each Stipulating Defendant for any business that such Stipulating Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly must deliver a copy of this Order to:

        1.      All principals, officers, directors, and LLC managers and members;

        2.      All employees, agents, and representatives having managerial responsibilities for conduct related to the advertising, marketing, promoting, offering for sale, sale, or selling of any good or service; and

        3.      Any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.

Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Stipulating Defendants delivered a copy of this Order, that Stipulating Defendants must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## SECTION IX:  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to the Commission:

A.     One year after entry of this Order, each Stipulating Defendant must submit a

compliance report sworn under penalty of perjury, Stipulating Defendant must:

1.     Identify all telephone numbers and all physical, postal, email and Internet

addresses, including all residences;

2.     Identify all business activities, including any business for which

Stipulating Defendant performs services whether as an employee or otherwise and any entity in

which such Stipulating Defendant has any ownership interest;

3.     Describe in detail Stipulating Defendant's involvement in each such

business, including title, role, responsibilities, participation, authority, control, and any

ownership;

4.     Identify the primary physical, postal, and email address and telephone

number, as designated points of contact, which representatives of the Commission may use to

communicate with Stipulating Defendant;

5.     Identify all of Stipulating Defendant's businesses by all of their names,

telephone numbers, and physical, postal, email, and Internet addresses;

6.     Describe the activities of each business, including the goods and services

offered, the means of advertising, marketing, and sales, and the involvement of any other

Defendant (which Stipulating Defendant must describe if Stipulating Defendant knows or should

know due to his or her own involvement);

7.     Describe in detail whether and how Stipulating Defendant is in

compliance with each Section of this Order; and

8.     Provide a copy of each Order Acknowledgment obtained pursuant to this

Order, unless previously submitted to the Commission.

    B.     For ten (10) years after entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

          1.     Name, including aliases or fictitious name, or residence address;

          2.     Title or role in any business activity, including any business for which Stipulating Defendant performs services whether as an employee or otherwise and any entity in which such Stipulating Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity;

          3.     Any designated point of contact; or

          4.     The structure of any entity that Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    C.     Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Stipulating Defendant within 14 days of its filing.

    D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

    E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or

sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Global Access Technical Support LLC, et al.* (X170001).

## SECTION X: RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years. Specifically, each Stipulating Defendant for any business that such Stipulating Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and maintain the following records:

A.    Accounting records showing the revenues from all goods or services sold.

B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination.

C.    Records of all consumer complaints and refund requests concerning misrepresentations in the advertising, marketing, promoting, offering for sale, sale, or selling of any good or service, whether received directly or indirectly, such as through a third party, and any response.

D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

E.    A copy of each unique advertisement or other marketing material.

## SECTION XI:  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating

Defendants' compliance with this Order, including the financial statements upon which part of

the judgment was suspended and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the

Commission, each Stipulating Defendant must submit additional compliance reports or other

requested information, which must be sworn under penalty of perjury; appear for depositions;

and produce documents for inspection and copying.  The Commission is also authorized to

obtain discovery, without further leave of court, using any of the procedures prescribed by

Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45,

and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate

directly with Stipulating Defendants.  Stipulating Defendants must permit representatives of the

Commission to interview any employee or other person affiliated with any Stipulating Defendant

who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its

representatives, as consumers, suppliers, or other individuals or entities, to Stipulating

Defendants or any individual or entity affiliated with Stipulating Defendants, without the

necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful

use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act,

15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer

reporting agency must furnish consumer reports concerning Stipulating Defendants, pursuant to

Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## SECTION XII:  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.


**SO ORDERED,** this 2nd day of June , 2017.

Hon. Henry E. Autrey
United States District Judge
Eastern District of Missouri


**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

Date: 6/1/17

Elizabeth C. Scott
Samantha Gordon
Federal Trade Commission, Midwest Region
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
escott@ftc.gov
sgordon@ftc.gov
Tel.: (312) 960-5634
*Attorneys for Plaintiff*
*Federal Trade Commission*


**FOR STIPULATING DEFENDANTS:**

**DOWD BENNETT LLP**

By: _____   Date: 4/27/17
James E. Crowe, III, #50031MO
jcrowe@dowdbennett.com
Edward L. Dowd, Jr. #28785MO
eddowd@dowdbennett.com
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105

*Attorneys for Defendant*
*Rupinder Kaur*

**STIPULATING DEFENDANTS:**

Rupinder Kaur, Individually

Date: 4/27/17

Harinder Singh, Individually

Date: 4/27/17

Page 16 of 16