**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL ACCESS TECHNICAL SUPPORT LLC, also d/b/a Global S Connect, Yubdata Tech, and Technolive, a Missouri limited liability company, *et al.*,<br><br>Defendants. | Case No. 4:16-cv-01556-HEA<br><br>Judge Henry E. Autrey |

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND FINAL JUDGMENT AS TO DEFENDANTS RAJIV CHHATWAL, GLOBAL ACCESS TECHNICAL SUPPORT LLC, SOURCE PUNDIT LLC, HELIOS DIGITAL MEDIA LLC, AND DIGICARE DESK LLC**

Plaintiff Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendants Global Access Technical Support LLC, Helios Digital Media LLC, Source Pundit LLC, DigiCare Desk LLC, and Rajiv Chhatwal ("Stipulating Defendants") stipulate to entry of this Stipulated Order for Permanent Injunction and Final Judgment ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** and **ADJUDGED** as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Stipulating Defendants participated in deceptive acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in the advertising, marketing, promotion, offering for sale, or sale of Tech Support Products or Services.

3. Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

4. Stipulating Defendants waive any claim(s) that they may have against the Commission, the Receiver, the Receivership estate and/or their employees, representatives, independent contractors and agents and any claim that Stipulating Defendants may have under the Equal Access to Justice Act, , 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order. Stipulating Defendants agree to bear their own costs and attorneys' fees.

5. Stipulating Defendants waive all rights to appeal or otherwise to challenge or to contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. **"Defendant(s)"** means Global Access Technical Support LLC, a Missouri limited liability company, Global sMind LLC, a Missouri limited liability company, Source Pundit LLC, a Missouri limited liability company, Helios Digital Media LLC, a Missouri limited liability company, DigiCare Desk LLC, a Missouri limited liability company, VGlobal ITES Private Limited, an Indian company, Rajiv Chhatwal, Rupinder Kaur, Harinder Singh, and Neeraj Dubey, individually, collectively, or in any combination.

2. **"Stipulating Defendant(s)"** means the Stipulating Individual Defendant, the Stipulating Receivership Defendants, Source Pundit LLC, and DigiCare Desk LLC, individually, collectively, or in any combination.

3. **"Stipulating Individual Defendant"** means Rajiv Chhatwal, by whatever names he may be known.

4. **"Stipulating Receivership Defendants"** means Global Access Technical Support LLC, a Missouri limited liability company, Helios Digital Media LLC, a Missouri limited liability company, and their successors and assigns.

5. **"Tech Support Product or Service"** includes any plan, program or software, marketed to repair, maintain or improve a computer's performance or security, including registry cleaners, anti-virus programs, anti-malware programs, fire wall programs, and computer or software diagnostic services.

**SECTION I: BAN ON TECH SUPPORT PRODUCTS AND SERVICES**

**IT IS ORDERED** that Stipulating Defendants are permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering for sale, selling, or providing any Tech Support Product or Service;

B. Assisting or providing consulting services for others engaged in, or receiving any proceeds from, advertising, marketing, promoting, offering for sale, selling or providing any Tech Support Product or Service; and

C. Owning, controlling, or serving as an officer, director, or manager of any business entity advertising, marketing, promoting, offering for sale, selling, providing, or assisting or

providing consulting services for others engaged in, advertising, marketing, promoting, offering for sale, selling or providing, any Tech Support Product or Service;

*Provided that* Section I shall not prohibit the Stipulating Individual Defendant from providing any Tech Support Products or Services to a business within a business's internal information technology department, but only to the extent that the Stipulating Individual Defendant does not provide Tech Support Products or Services to anyone outside of the business.

**SECTION II: PROHIBITION AGAINST MISREPRESENTATIONS**

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, sale, or selling of any good or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A. That Stipulating Defendants are part of, certified or authorized by, affiliated with, or acting on behalf of any entity;

B. That Stipulating Defendants have detected security or performance issues on a consumer's computer, including viruses, spyware, malware, or the presence of hackers; and

C. Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## SECTION III: MONETARY JUDGMENT AND PARTIAL SUSPENSION

**IT IS FURTHER ORDERED** that:

A. Judgment in the amount of **Five Million, One Hundred Fifty Thousand, Five Hundred Six Dollars ($5,150,506)** is hereby entered in favor of the Commission and against Stipulating Defendants, jointly and severally, as equitable monetary relief.

B. Within fourteen (14) days of the entry of this Final Order, unless agreed to in writing by the Receiver, Stipulating Defendants shall convey, assign, and/or transfer, as required by the Receiver, to the Receiver, or to such other party as the Receiver directs, all of their legal and equitable interests and rights in the Receivership Estate and all of their legal and equitable interests and rights in the assets of Defendant DigiCare Desk LLC, and those assets will become part of the Receivership Estate.

C. Immediately upon entry of this Final Order, Stipulating Defendants shall authorize and/or provide the Receiver access to any and all such information as may be relevant to convey, assign, and/or or transfer, or liquidate and transfer, the assets described in Subsections III.D-G below.

D. Within fourteen (14) days of the entry of this Final Order, unless agreed to in writing by the Receiver, Stipulating Individual Defendant shall convey, assign, and/or transfer, as required by the Receiver, to the Receiver, or to such other party as the Receiver directs, all of his legal and equitable interests and rights in the Rajiv Chhatwal IndusInd Bank account ending in 2758.

E. Within fourteen (14) days of the entry of this Final Order, unless agreed to in writing by the Receiver, Stipulating Individual Defendant shall convey, assign, and/or transfer to the Receiver or such other party as the Receiver may direct, as required by the Receiver, all of

his interest in the following retirement accounts held at Vanguard Fiduciary Trust Company, Wells Fargo First Clearing Services, T. Rowe Price, and Putnam Investments:

1. Rajiv Chhatwal SAP 401k Defined Benefit Plan managed by Vanguard, Plan Number 09061;
2. Wells Fargo SEP Rajiv Chhatwal 1, account number ending in 7445;
3. Wells Fargo SEP Rajiv Chhatwal 2, account number ending in 9612;
4. T.Rowe Price Rajiv Chhatwal Roth IRA; and
5. Putnam Investments SEP Rajiv Chhatwal.

F. Within fourteen (14) days of the entry of this Final Order, unless agreed to in writing by the Receiver, Stipulating Individual Defendant shall convey, assign, and/or transfer to the Receiver or such other party as the Receiver may direct, as required by the Receiver, all interest in the securities account number ending in 9595, held by Wells Fargo Advisors, *provided, however*, that the Receiver shall open an account to be controlled by the Receiver for purposes of holding and setting aside a reserve for payment of Stipulating Individual Defendant's 2017 estimated personal tax liability on the distribution amounts resulting from the liquidation of this account, which reserve the Stipulating Individual Defendant may utilize, following approval of the Receiver (which approval shall not unreasonably be withheld), to the extent necessary to pay such tax liability, provided that Stipulating Individual Defendant provides such documentation as may be required by the Receiver to support such approval and files his tax returns no later than April 17, 2018.

G. Stipulating Individual Defendant is ordered to cooperate fully with the Receiver and take such steps as the Receiver may require to sell and effectively convey title to the purchaser of the real property located at 559 Graeser Road, St. Louis, Missouri 63141, identified

in Individual Stipulating Defendant's financial statement dated October 20, 2016. Such steps shall include but are not limited to providing the Receiver power of attorney with respect to the property within fourteen (14) days of entry of this Order, transferring possession of the property to the Receiver, and signing all documents necessary for the sale and conveyance of the title of the property to the purchaser. Until the Receiver has completed the sale of the property, Stipulating Individual Defendant shall continue to insure, maintain, and take no action to diminish the value of the property. As part of the sale of the property, the Receiver shall use or assign the proceeds of the sale to satisfy any expenses or obligations which the Receiver believes to be reasonably necessary in order to effectuate the sale, including but not limited to, agent's fees or liens upon the property, including the mortgage held by Quicken Loans, account ending in 8603. *Provided, however*, that the Receiver shall open an account to be controlled by the Receiver for purposes of holding and setting aside a reserve for payment of Individual Stipulating Defendant's 2017 estimated personal tax liability on the distribution amounts resulting from the sale of this property, which reserve the Individual Stipulating Defendant may utilize, following approval of the Receiver (which approval shall not unreasonably be withheld), to the extent necessary to pay such tax liability, provided that Individual Stipulating Defendant provides such documentation as may be required by the Receiver to support such approval and files his tax return no later than April 17, 2018.

H. Upon the asset transfers and completion of other obligations specified in Subsections III.B-G above, the remainder of the judgment is suspended, subject to the Subsections below.

I. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Stipulating Defendants'

sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. the Financial Statement of Individual Defendant Rajiv Chhatwal signed on October 20, 2016, including the attachments and the following email correspondence between counsel for Stipulating Defendants and FTC counsel:

a. October 18, 2016 ("Correction to Rajiv Chhatwal Personal Disclosure Statement");

b. October 24, 2016 ("FTC v. GATS--Update regarding Rajiv Chhatwal Financial Disclosure");

c. November 9, 2016 ("FTC v. GATS--Update regarding Rajiv Chhatwal Financial Disclosure");

d. February 22, 2017 ("Chhatwal Financial Disclosure Addition"); and

2. the Financial Statement of Corporate Defendant Source Pundit LLC, signed on October 21, 2016, including the attachments;

3. the Financial Statement of Corporate Defendant Global Access Technical Support LLC, signed on October 21, 2016, including the attachments;

4. the Financial Statement of Corporate Defendant Helios Digital Media LLC, signed on October 21, 2016, including the attachments.

J. The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

K. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection III.A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

**SECTION IV: ADDITIONAL MONETARY PROVISIONS**

**IT IS FURTHER ORDERED** that:

A. Stipulating Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred and liquidated pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which such Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E. Stipulating Individual Defendant shall deliver to counsel for the Commission and the Receiver, copies of signed and completed state, local and federal tax returns for the tax year

2017, including all related forms, schedules, statements, attachments and accountant's work papers and files, within ten (10) business days after those returns are officially filed.

F. The Receiver is directed and authorized to accomplish the following:

1. Within sixty (60) days after entry of this Order:

a. Complete, as necessary, the liquidation of the Stipulating Individual Defendant's assets specified in Subsections III.B-F above;

b. Prepare and file with the Court an application for compensation and expenses associated with the Receiver's liquidation of the Stipulating Individual Defendant's assets specified in Subsections III.B-F above; and

c. Upon the Court's approval of the Receiver's application for compensation and expenses with respect to Stipulating Individual Defendant, distribute to the Commission any remaining liquid assets, less tax reserves specified in Subsection III.F above, and less any mandatory tax penalties that the administrators of the funds listed in III.E. fail to deduct, which the Receiver must pay to the Internal Revenue Service on the Stipulating Individual Defendant's behalf; and

2. Within one hundred eighty (180) days after entry of this Order:

a. Complete, as necessary, the sale of the real property located at 559 Graeser Road, St. Louis, Missouri 63141, as specified in Subsection III.G above. *Provided however,* the Receiver may, if reasonably necessary, seek written agreement with Commission staff for additional time for the completion of such sale;

b. Prepare and file with the Court an application for compensation and expenses associated with the Receiver's sale of the real property, as specified in Subsection III.G above; and

c. Upon the Court's approval of the Receiver's application for compensation and expenses with respect to Stipulating Individual Defendant, distribute to the Commission any remaining liquid assets, less tax reserves specified in Subsection III.G above; and

3. Within ten (10) days of Stipulating Individual Defendant's delivery of tax returns pursuant to Subsection IV.E above, distribute to the Commission any undistributed tax reserves.

G. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee on behalf of the Commission. This fund shall be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

**SECTION V: DISSOLUTION OF ASSET FREEZE**

**IT IS FURTHER ORDERED** that the freeze on the Stipulating Individual Defendants' assets pursuant to the Stipulated Preliminary Injunction as to Defendants Global Access Technical Support LLC, Helios Digital Media LLC, Source Pundit LLC, and Rajiv Chhatwal (the "Chhatwal Preliminary Injunction") entered on November 15, 2016 (Dkt. No. 50) is modified to permit the payments, liquidation, and other transfers identified in Section III above.

Upon completion of the obligations specified in Subsections III.B-F above, and the provision of the power of attorney required by Section III.G above, the asset freeze is dissolved as to Stipulating Individual Defendant and Stipulating Defendants Source Pundit LLC and DigiCare Desk LLC. The freeze on the Stipulating Receivership Defendants' assets shall remain in effect until such time as the Receiver receives payment of all Court-approved fees and expenses of the Receiver and the Receiver is discharged pursuant to Section VIII of this Order. A financial institution shall be entitled to rely upon a letter from the Commission stating that the freeze on a Stipulating Defendant's assets has been lifted.

**SECTION VI: CUSTOMER INFORMATION**

**IT IS FURTHER ORDERED** that Stipulating Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the Commission to administer efficiently consumer redress. If a representative of the Commission requests in writing any information related to redress, Stipulating Defendants must provide it, in the form prescribed by the Commission, within fourteen (14) days.

B. Disclosing, using, or benefiting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Stipulating Defendant obtained prior to entry of this Order, in connection with activities alleged in the Commission's Complaint.

C. Failing to destroy such customer information in all forms in their possession,

custody, or control within thirty (30) days after receipt of written direction to do so from a representative of the Commission.

*Provided, however*, that customer information need not be destroyed, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## SECTION VII: COOPERATION

**IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Such Defendants must provide truthful and complete information, evidence, and testimony. Such Stipulating Individual Defendants must appear and such Stipulating Receivership Defendants must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## SECTION VIII: TERMINATION OF RECEIVERSHIP

**IT IS FURTHER ORDERED** that the appointment of Claire Schenk as Receiver over Stipulating Receivership Defendants pursuant to Section V of the Chhatwal Preliminary Injunction is hereby continued in full force and effect except as modified by this Section.

A. The Receiver is directed and authorized to accomplish the following within sixty (60) days after entry of this Order:

1. Complete, as necessary, the liquidation of the assets of the Stipulating Receivership Defendants;

2. Prepare and file with the Court a final report describing the Receiver's activities with respect to Stipulating Receivership Defendants pursuant to this Order and the Chhatwal Preliminary Injunction, and a final application for compensation and expenses; and

3. Upon the Court's approval of the Receiver's final application for compensation and expenses with respect to Stipulating Receivership Defendants, distribute to the Commission any remaining liquid assets at the conclusion of the Receiver's duties.

B. Upon completion of the above tasks, the duties of the Receivership over Stipulating Receivership Defendants shall terminate, and the Receiver shall be discharged as to Stipulating Receivership Defendants only.

**SECTION IX: ORDER ACKNOWLEDGEMENTS**

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

A. Each Stipulating Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For five (5) years after entry of this Order, each Stipulating Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and each Stipulating Receivership Defendant, must deliver a copy of this Order to:

1. All principals, officers, directors, and LLC managers and members;

2. All employees, agents, and representatives who participate in conduct related to the subject matter of this Order;

3. the spouse of the Stipulating Individual Defendant; and

4. Any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.

Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Stipulating Defendant delivered a copy of this Order, that Stipulating Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## SECTION X: COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Stipulating Defendant must submit a compliance report sworn under penalty of perjury.

1. Each Stipulating Defendant must:

a. Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with such Stipulating Defendant;

b. Identify all of that Stipulating Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

c. Describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which a Stipulating Individual Defendant must describe if such Individual Defendant knows or should know due to such Individual Defendant's own involvement);

d. Describe in detail whether and how that Stipulating Defendant is in

compliance with each Section of this Order; and

e. Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2. Additionally, each Stipulating Individual Defendant must:

a. Identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

b. Identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and

c. Describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For ten (10) years after entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Stipulating Defendant must report any change in:

a. Any designated point of contact; or

b. The structure of any Stipulating Receivership Defendant or any entity that Stipulating Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Stipulating Individual Defendant must report any

change in:

a. Name, including aliases or fictitious name, or residence address; or

b. Title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____________" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Global Access Technical Support LLC, et al.* (X170001).

## SECTION XI: RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for 10 years after entry of the Order, and retain each such record for five (5) years. Specifically,

Stipulating Receivership Defendant and each Stipulating Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and maintain the following records:

A. Accounting records showing the revenues from all goods or services sold.

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination.

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response.

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

E. A copy of each unique advertisement or other marketing material.

## SECTION XII: COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendants' compliance with this Order, including the financial statements upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Stipulating Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Stipulating Defendant. Stipulating Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Stipulating Defendants or any individual or entity affiliated with Stipulating Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Stipulating Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

**SECTION XIII: RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED**, this 6th day of June, 2017.

Hon. Henry E. Autrey
United States District Judge
Eastern District of Missouri

**SO STIPULATED AND AGREED:**

**FEDERAL TRADE COMMISSION**

Date: 6/1/17

Elizabeth C. Scott
Samantha Gordon
Federal Trade Commission, Midwest Region
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
escott@ftc.gov
sgordon@ftc.gov
Tel.: (312) 960-5634
*Attorneys for Plaintiff*
*Federal Trade Commission*

**FOR STIPULATING DEFENDANTS:**

**LEWIS RICE LLC**
By: __________
Winthrop B. Reed, III, #42840MO
Evan Z. Reid, #51123MO
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Telephone: (314) 444-7600
Facsimile: (314) 241-6056
E-mail: wreed@lewisrice.com
ereid@lewisrice.com
*Attorneys for Defendants Global Access Technical Support LLC, Source Pundit LLC, Helios Digital Media LLC, DigiCare Desk LLC, and Rajiv Chhatwal*

**STIPULATING DEFENDANTS:**

______________________________ Date: 03/28/17
Global Access Technical Support LLC
by Rajiv Chhatwal

______________________________ Date: 03/28/17
Helios Digital Marketing LLC
by Rajiv Chhatwal

______________________________ Date: 03/28/17
Source Pundit LLC
by Rajiv Chhatwal

______________________________ Date: 03/28/17
DigiCare Desk LLC
by Rajiv Chhatwal

______________________________ Date: 03/28/17
Rajiv Chhatwal, Individually and as an Officer of
Global Access Technical Support LLC,
Source Pundit LLC, DigiCare Desk LLC, and
Helios Digital Media LLC